CLERK'S OFFICE U.S. DIST. CO
AT CHARLOTTESVILE, VA
FILED

JUN 2 2 2017

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

RONALD MCCLENDON, )
)
Petitioner, ) Civil Action No. 7:16CV534
)
v. ) **MEMORANDUM OPINION**
)
C. RATLEDGE ) Hon. Glen E. Conrad
) Chief United States District Judge
Respondent. )

    Ronald McClendon, a federal prisoner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking prior custody credit for time he spent in state custody. The government filed a motion to dismiss, arguing that McClendon was recently granted the relief he requests. For the reasons stated, the court will dismiss the petition as moot.

### Discussion

    State authorities arrested McClendon in Niagara County, New York, on September 3, 2013 for attempted robbery in the second and third degrees. He was transferred to temporary federal custody pursuant to a writ for prosecution on October 30, 2013. On November 13, 2014, McClendon was sentenced to a twelve-month state term of confinement on two already-pending charges: assault and criminal possession of a controlled substance. He had 465 days of time-served credit arising from time he spent in custody from January 19, 2013 to March 26, 2013; August 26, 2013 through August 29, 2013; and October 16, 2013 through November 13, 2014. After applying 121 days of good time credit, the state of New York deemed his sentence completed as of April 5, 2014. See Inmate Release Date Confirmation Form, Docket No. 11-4.

    McClendon was released on his own recognizance to the primary custody of federal authorities on November 17, 2014. See Niagara County Court Clerk Minutes, Docket No. 11-5.

On April 27, 2015, the United States District Court for the Western District of New York sentenced McClendon to a sixty-month term of imprisonment on federal charges. See Judgment, Docket No. 11-6. On May 6, 2015, he was sentenced in state court to a one-year-and-six-month term of imprisonment for attempted robbery, which is the crime he was arrested for on September 3, 2013. See Uniform Sentence & Commitment, Docket No. 11-8. This sentence was to run concurrently with his federal sentence, and McClendon received credit on this state sentence for time spent in the primary custody of state authorities from September 4, 2013 through November 17, 2014. He completed his state sentence while in federal custody on March 3, 2016.

McClendon filed this § 2241 petition in November of 2016 to get credit against his federal sentence for time he spent in state custody. The Bureau of Prisons ("BOP") had initially afforded McClendon 170 days of prior credit time, including September 3, 2013 and November 18, 2014 through May 5, 2015. See Inmate Data as of Dec. 5, 2016, Docket No. 11-14. This led to a projected release date of January 22, 2020. Id.

Thereafter, the BOP updated its sentence computation for McClendon and adjusted his prior credit time to include September 3, 2013; September 4, 2013 through October 15, 2013; April 6, 2014 through November 17, 2014; and November 18, 2014 through April 26, 2015 for a total of 429 days. See Inmate Data as of Dec. 8, 2016, Docket No. 11-15. This update was made pursuant to the exception, as articulated in Willis v. United States, 438 F.2d 923, 925 (5th Cir. 1971), to the general rule that a defendant cannot receive both state and federal credit for the same detention time. In certain situations, a prisoner is entitled to prior custody credit towards a federal sentence for time that has also been applied to a prisoner's state sentence if the sentences are concurrent and if crediting only the state sentence would not provide any benefit to the

prisoner. Id. at 925. Said otherwise, the BOP granted McClendon double credit for time spent in custody between September 4, 2013 through October 15, 2013 and April 6, 2014 through November 17, 2014. This credit had previously been applied to his state sentence, but McClendon received no benefit from this credit against his state sentence, as he served and completed that state sentence while in federal custody. The time McClendon spent in the primary custody of state authorities from October 16, 2013 through April 5, 2014, however, was not credited to his federal sentence, as this time was credited against the state assault sentence, which ended on April 5, 2014, and did not run concurrently to any federal sentence. Therefore, the Willis exception allowing for double credit is not applicable to the state-sentence credit given for the time spent in custody between October 16, 2013 and April 5, 2014. See id.; 18 U.S.C. § 3585(b) (precluding the application of credit for time that has already been credited against another sentence). Accordingly, McClendon is now receiving the benefit of 429 days prior credit time and has a projected release date of July 2, 2018.

After this adjustment, the government filed a motion to dismiss, arguing that McClendon's § 2241 petition should be dismissed as his sentence computation has been updated to reflect credit for all prior custody credit to which he is entitled. Defendant did not respond, despite being sent a notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1979).

"[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." United States v. Hardy, 545 F.3d 280, 283 (4th Cir. 2008) (internal quotation marks and citation omitted); see also Incumaa v. Ozmint, 507 F.3d 281, 287 (4th Cir. 2007) (finding case moot if petitioner "has no further need for [the requested] relief"). A court may address the issue of mootness sua sponte, because "mootness goes to the heart of the Article III jurisdiction of the courts" to address only live controversies. Friedman's, Inc. v.

Dunlap, 290 F.3d 191, 197 (4th Cir. 2002) (internal quotation marks and citation omitted). In the instant case, McClendon has received all the requested relief to which he is entitled, and the parties no longer have any live controversy for the court to adjudicate. The court will, therefore, dismiss the petition as moot.

## Conclusion

For the reasons stated, the court will dismiss McClendon's petition as moot. The Clerk is directed to send copies of this memorandum opinion and accompanying order to the defendant and all counsel of record.

DATED: This 2& day of June, 2017.

_____
Chief United States District Judge